STATE OF NORTH CAROLINA v. H. D. LENDERMAN, JR.

No. 7423SC68

(Filed 20 February 1974)

1. **Abortion § 3— prescription of drug to induce miscarriage — sufficiency of evidence**

    The trial court did not err in failing to direct a verdict for acquittal at the conclusion of State's evidence and in failing to set the verdict aside in a prosecution charging defendant with prescribing and administering to the prosecuting witness a drug known as Provera with the intent to cause her to have a miscarriage, in violation of G.S. 14-45.

2. **Criminal Law § 87— leading question to restore credibility — no abuse of discretion**

    The trial court did not abuse its discretion in allowing into evidence a leading question put to a witness by the District Attorney for the purpose of restoring credibility in the prosecuting witness and in allowing the witness's answer thereto.

3. **Abortion § 3— prescription of drug to induce miscarriage — intent required**

    Since it is the intent with which a drug is administered and not the properties of the administered drug which makes the violation of G.S. 14-45 a felony, it was not error for the trial court in this prosecution for administration of a drug with the intent to produce a miscarriage to exclude testimony to the effect that the pills, if taken as directed, would not cause an abortion and would have no effect upon the prosecuting witness, where there was no evidence that defendant was aware that the drug was ineffective as a means to induce a miscarriage and that defendant therefore lacked the intent required by G.S. 14-45.

4. **Criminal Law § 112— presumption of defendant's innocence — sufficiency of instructions**

    Trial court's instructions to the jury that defendant had entered a plea of not guilty, that being charged was no evidence of defendant's guilt, that defendant was not required to prove his innocence and was presumed to be innocent, and that the State had to prove to the jury that defendant was guilty beyond a reasonable doubt were sufficient instructions with respect to the presumption of defendant's innocence.

APPEAL by defendant from *Rousseau, Judge,* 6 August 1973 Session of Superior Court held in WILKES County.

Defendant was charged in a bill of indictment with prescribing and administering to Kathy Elizabeth Lovette a drug known as Provera with the intent to cause her to have a miscarriage, in violation of G.S. 14-45.

---

State v. Lenderman

---

On 15 March 1973, Jimmy Lovette, father of 17-year-old Kathy Lovette, obtained a warrant charging defendant with prescribing and administering the drug Provera to Kathy Lovette with the intent and for the purpose of causing an abortion.

The State's evidence tended to show that on or about 19 February 1973, the prosecuting witness Kathy Lovette went to see the defendant, believing herself at that time to be pregnant. The State's evidence also tended to show that the prosecuting witness became pregnant when she was raped by one G. T. Johnson on 24 January 1973.

Further testimony revealed that defendant gave the prosecuting witness five pills with the following instructions: "There is five of them. Take them one a day every night at the same time, and, Kathy, if you think you are pregnant, this will cause you to lose it, bring on abortion."

The defendant elicited on cross-examination that the drug in question, Provera, was used as a female regulator of the period, as a pregnancy test, and that such drug was given to pregnant women for the purpose of preventing abortion.

The prosecuting witness later obtained an abortion at Wilkes General Hospital, on or about 12 or 14 March 1973.

Defendant offered no evidence.

The jury found defendant guilty as charged.

*Attorney General Morgan, by Associate Attorney Ringer, for the State.*

*W. G. Mitchell for the defendant.*

BROCK, Chief Judge.

[1] Defendant contends that the trial court erred in failing to direct a verdict for acquittal at the conclusion of State's evidence and in failing to set the verdict aside. Defendant argues that the State has failed to sustain the burden of proof in proving that (1) a pregnancy existed, and (2) that the defendant gave the drug with the intent to induce a miscarriage.

The evidence shows that Kathy Lovette believed she was pregnant on 19 February 1973, when she obtained the pills from defendant. Corroborative testimony of her father and Deputy Sheriff Jerry Garris of the Wilkes County Sheriff's

Department indicates that Kathy Lovette believed she was pregnant on 19 February 1973.

The record reveals that the prosecuting witness was not sure of the date of the rape. She testified first that she was raped on about 27 February 1973. On continued cross-examination the prosecuting witness testified that she could not remember whether she had testified at the preliminary hearing that she had been raped and became pregnant on 24 January 1973. However, another witness for the State testified that the rape occurred 24 January 1973.

"Motion to nonsuit in a criminal prosecution is properly denied if there is any competent evidence to support the allegations of the warrant or bill of indictment, considering the evidence in the light most favorable to the state, and giving it the benefit of every reasonable inference fairly deducible therefrom." 2 Strong, N. C. Index 2d, Criminal Law, § 106, p. 654.

"A motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court, and its refusal to grant the motion is not reviewable on appeal." 3 Strong, N. C. Index 2d, Criminal Law, § 132, pp. 55-56.

This assignment of error is overruled.

[2]  Defendant contends that the trial court committed error in allowing the District Attorney to ask a leading question of the State's witness, Carmen Chastain. Specifically, the defendant objects to the following question during redirect examination by the State.

"Q. You may state if you were with Kathy Lovette as of 24 January 1973, when the alleged rape took place?

Defendant objects. Overruled.

"A. Yes, I was."

The allowance of leading questions is a matter within the discretion of the trial judge, and his rulings will not be disturbed on appeal, absent an abuse of discretion. *State v. Painter*, 265 N.C. 277, 144 S.E. 2d 6.

This question was propounded by the District Attorney during redirect examination of the witness Chastain. It would seem

---

---

that the District Attorney, through this form of question, was attempting to restore credibility in the prosecuting witness who had displayed uncertainty as to the date of the alleged rape.

"In whatever way the credit of the witness may be impeached, it may be restored or strengthened by [proof of prior consistent statements] or any other proper evidence tending to restore confidence in his veracity and in the truthfulness of his testimony." Stansbury, North Carolina Evidence, Brandis Revision, § 50, p. 145.

This assignment of error is overruled.

[3] Defendant contends that the trial court committed error in excluding evidence concerning the properties of the drug Provera and in instructing the jury to find defendant guilty if they were satisfied beyond a reasonable doubt that he prescribed Provera for Kathy, at a time when she was pregnant, with intent to procure a miscarriage.

G.S. 14-45 proscribes the administering of ANY drug with the INTENT to produce a miscarriage (emphasis supplied). It is the intent which is made requisite within the statute, and not the properties of the the administered drug, which makes the violation of this statute a felony. Therefore, it was not error for the trial court to exclude testimony to the effect that the pills, if taken as directed, would not cause an abortion and would have no effect upon the prosecuting witness. There is no evidence in the record that defendant was aware the drug was ineffective as a means to induce a miscarriage, and that defendant thereby lacked the intent required in G.S. 14-45. Indeed, testimony reveals that the defendant gave the prosecuting witness five pills with the following instructions:

"Take them one a day every night at the same time, and, Kathy, if you think you are pregnant, this will cause you to lose it, bring on abortion."

This assignment of error is overruled.

[4] Defendant contends that the trial court committed prejudicial error in failing to instruct the jury that the defendant was presumed to be innocent throughout the trial. The trial court instructed the jury that defendant had entered a plea of not guilty; that being charged was no evidence of defendant's guilt; that defendant was not required to prove his innocence,

and is presumed to be innocent; and that the State had to prove to the jury that defendant was guilty beyond a reasonable doubt.

This assignment of error is without merit and is overruled.

For the reasons stated, we find that defendant had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and CARSON concur.